UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARBJEET SINGH, | No. 1:26-cv-02458 KES FJS (HC) |
| Petitioner, | A No. 241-884-820 |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN 10 DAYS |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | Doc. 1 |

Petitioner Sarbjeet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 7. The Court has previously addressed the legal issues raised by count two of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4. Respondents state that "the factual and legal issues in this case do not materially distinguish it from the cases identified in the

1

Order, with the notable exception that Petitioner was convicted and sentenced to one day in jail for TRC 550.022(c)(2) Collision Involving Damage to Vehicle (Texas)" on September 15, 2025. Doc. 6 at 1 (internal quotation marks, citation omitted); *see also* Doc. 6-1 at 3.

While the merits of the petition were pending review, petitioner moved tor a temporary restraining order. Doc. 7. Respondents filed an opposition to the motion, maintaining the motion and the petition should be denied. Doc. 9 at 1. Respondents again acknowledged there were no other factual or legal distinctions between the pending matter and the cases identified. *Id.* Respondents do not argue the detention authority shifted to 8 U.S.C. § 1226(c) due to petitioner's conviction. *See id.* at 1-2; *see also.* Doc. 6 at 1-2. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1-2.[1]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford,*, 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to count two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to provide petitioner Sarbjeet Singh (A-Number: 241-884-

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which they argue could resolve the issues raised here. *See* Doc. 6 at 2. But Ninth Circuit precedent counsels against a stay in these circumstances. *See Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000) (finding district court abused its discretion by indefinitely staying immigrant detainee's habeas case pending resolution of an appeal in another case raising the same issue). "[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id.* at 1120. An indefinite, potentially lengthy stay in a habeas case pending an appeal in another case is generally inappropriate. *See id.* The Court declines to effectively stay this case by deferring a ruling on the petition. Additionally, the *Rodriguez* appeal concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 6 at 2, Doc. 9 at 2. But here immigration officials did previously apprehend petitioner, and they released him after implicitly determining that he did not pose a flight risk or a danger. The issue is whether the Due Process Clause requires a hearing regarding his *re-detention*.

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on count two.

2

820) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The Clerk of Court is directed to terminate pending motions as moot, close this case, and enter judgment for petitioner.  The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 15, 2026

_____
UNITED STATES DISTRICT JUDGE